# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RAYMOND DARNELL JOHNSON,** | ) | Civil Action No. 7:12cv00259 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ORANGE COUNTY, VA,** *et al.*, | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Raymond Darnell Johnson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Upon review of his complaint, the court finds that Johnson's allegations are frivolous and, therefore, dismisses this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Johnson brings this action against "Orange County, Virginia, a municipal corporation" and "Corrections Corporation of America," alleging that the defendants engaged in "identity theft, fraud (unlawful collection of money on [Johnson's] behalf under false pretenses), deceit, counterfeiting securities, insider trading, misrepresentation, [and] interference with contract rights." Although his complaint is largely nonsensical, it appears that Johnson is essentially arguing that the defendants profited financially from Johnson's incarceration and Johnson believes he is entitled to that money. Johnson claims that the defendants "made a bond" in his name when he began his incarceration in 1995 and that "the county" multiplied the value of the bond by ten and then the defendants sold the bond with his name and social security number "as a short term promissory note" for $40 million. Johnson argues that the defendants acted unlawfully and that the money belongs to him. As relief, Johnson seeks $40 million and an injunction to "stop the identity theft."

**II.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, § 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios" or where "defendants are immune from suit." Id. at 327-28. In this case, the court finds that Johnson's allegations are baseless and nonsensical. Accordingly, the court dismisses this action as frivolous.

**III.**

For the reasons stated, the court dismisses Johnson's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 15th day of June, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE